IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY MICHAEL MALOCH,<br><br>        Plaintiff,<br><br>  v.<br><br>JULIE NGUYEN et al.,<br><br>        Defendant. | **DISMISSAL ORDER<br>& MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-830 DAK<br><br>District Judge Dale A. Kimball |

      Plaintiff, inmate Timothy Michael Maloch, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2013), proceeding *in forma pauperis*, *see* 28 *id.* 1915.  Reviewing the Complaint under § 1915(e), in an Order dated November 1, 2012, the Court determined Plaintiff's Complaint was deficient.  The Court then gave Plaintiff direction for curing the deficiencies, sent him a "Pro Se Litigant Guide," with a blank-form civil rights complaint, and ordered him to cure the deficiencies within thirty days.

      Instead of doing so, Plaintiff wrote to the Court that he "will not enact the court order."  It appeared that Plaintiff did not at that time intend to obey the Court's order to amend his complaint.  Still, in case the Court had misunderstood Plaintiff's intentions, the Court gave Plaintiff another opportunity to heed the Court's earlier order if he chose.  So, on January 8, 2013, the Court issued "Order to Show Cause Regarding Order to Amend Deficient Complaint."  The Court

repeated directions for curing the deficiencies, sent Plaintiff instructions and forms for filing a prisoner civil-rights case, and ordered him to show cause why this case should not be dismissed for failure to cure the deficiencies.

Instead of curing the deficiencies in an amended complaint, Plaintiff has filed several letters irrelevant to the Court's order to show cause--e.g., containing subject matter regarding how his appointed counsel will deal with this case (when this Court has denied appointed counsel, (*see* Docket Entry # 11), and Plaintiff is not entitled to counsel here) and claims unrelated to the claims in this case.  (*See* Docket Entry #s 23, 25, 26, 27, & 28.)

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii), failure to follow Court orders, and failure to

prosecute.  The Court has given Plaintiff two opportunities to amend and deems further opportunities futile.  This case is **CLOSED**.

DATED this 24th day of April, 2013.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court